**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

URSULA MONROE, *et al.*,
    Plaintiffs,

v.                                       Case No. 1:05CV35-SPM

HILTON HOTELS CORPORATION, *et al.*,
    Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE comes for consideration upon Defendants', HILTON HOTELS CORPORATION and DT MANAGEMENT, INC., Motion to Dismiss Counts I and II of the Amended Complaint.  (doc. 7)  This Court has reviewed the Amended Complaint (doc. 1), Defendants' motion (doc. 7), and Plaintiffs' Response to Defendants' Motion to Dismiss (doc. 18)  For the reasons set forth below, Defendants' motion is DENIED.

**A.    Background**

Plaintiffs filed, in the Eighth Judicial Circuit of Florida, an amended complaint alleging that Defendants' employee had sexually harassed them on several occasions.  (doc. 1)  Plaintiffs claim liability against the Defendants based on, among other theories, the Defendants' vicarious liability as employers for the employee's alleged assault and battery upon the Plaintiffs.  (doc. 1)  Defendants removed the case to this Court, and they now seek to dismiss those counts which claim liability for the assault and battery.  (docs 1, 7)  In support of their position, Defendants argue that they cannot be

vicariously liable for the employee's alleged assault and battery because "Plaintiffs have failed to allege and cannot allege that [the employee] acted within the scope of his employment or to serve some purpose of Defendants' [sic] when [the employee] allegedly assaulted and battered Plaintiffs . . . ." (doc. 7, p. 2)  In their response to Defendants' motion, Plaintiffs point out that in regard to both Counts I and II, the amended complaint contains the allegation that

> At all relevant times, the acts complained of were committed while [the employee] was acting within the actual or apparent scope and range of his employment or agency with Defendants or were subsequently ratified, acknowledged and approved by Defendants, were committed while [the employee] was on duty and during working hours in the service of Defendants, were incident to the business of Defendants, and were performed while [the employee] was working to advance the interests of Defendants.

(docs 18, 1)  Thus, Plaintiffs conclude, they have laid the proper foundation for a vicarious liability argument.

**B.    Discussion**

In deciding the motion to dismiss, this Court is required to view the allegations in the amended complaint in a light most favorable to the Plaintiffs.  <u>Sparks v. Jay's A.C. & Refrigeration</u>, 971 F. Supp. 1433, 1435 (M.D. Fla. 1997) (<u>citing</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232 (1974)).  Moreover, the allegations must be considered to be true.  <u>Robertson v. Edison Bros. Stores</u>, No. 94-1315-CIV-ORL-19, 1995 U.S. Dist. LEXIS 5683 at *2 (M.D. Fla. 1995) (<u>citing</u> <u>Quality Foods de Centro Am. S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.</u>, 711 F.2d 989, 994 (11th Cir. 1983)).  A motion to dismiss for failure to state a claim tests the sufficiency of the complaint and does not test the merits of the

claim.  Stires v. Carnival Corp., 243 F. Supp 2d 1313, 1317 (M.D. Fla. 2002) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)).  This Court may grant the motion only if the Defendants have shown that the Plaintiffs can prove no set of facts which will entitle them to relief.  Conley v. Gibson, 355 U.S. 41 at 45-46 (1957).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain only "a short and plain statement showing that the pleader is entitled to relief . . . ."  The Supreme Court has interpreted this rule to stand for the proposition that a plaintiff is not required "to set out in detail the facts upon which he bases his claim."  Conley, 355 U.S. at 47.  Instead, the purpose of the allegations in a complaint is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Id.

Under Florida law, an employer is liable for its employee's conduct

> if the wrongful act is done while the employee is acting within the apparent scope of his authority as such employee to serve the interests of the employer, . . . unless the wrongful act of the employee was done to accomplish his own purposes, and not to serve the interests of the employer.

Gowan v. Bay County, 744 So. 2d 1136, 1138 (Fla. 1st DCA 1999) (citing Stinson v. Prevatt, 94 So. 656, 657 (Fla. 1922)) (omission in original).  As the Defendants point out in their motion, the test for determining whether an act is within the scope of employment has three prongs.  Id.  First, the employee must have been engaged in the kind of conduct for which he or she was employed.  Id.  Second, the conduct must have occurred within the time and space limits of the employment.  Id.  Finally, the conduct must have been activated at least in part by a purpose to serve the employer.  Id.

In the instant case, the Plaintiffs allege in their amended complaint that "the acts

complained of were committed while [the employee] was acting within the actual or apparent scope and range of his employment . . . were committed while [the employee] was on duty and during working hours in the service of Defendants . . . were incident to the business of Defendants . . . and were performed while [the employee] was working to advance the interests of Defendants . . . ." (doc. 1)  This Court is satisfied that this allegation is sufficient to provide notice to the Defendants of the Plaintiffs' claim and the grounds upon which that claim rests.  See Conley, 355 U.S. at 47.  See also Sparks 971 F. Supp. at 1440.  Whether or not the facts are sufficient to support Plaintiffs' theory of liability is an issue to be resolved during summary judgment proceedings, not on a motion to dismiss.  See Fed. R. Civ. P. 56; Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990).

**C.    Conclusion**

The amended complaint contains allegations sufficient to notify the Defendants as to the nature of the Plaintiffs' claim and the grounds upon which the Plaintiffs' rely. Thus, the Plaintiffs have satisfied the requirements of the Federal Rules of Civil Procedure as to pleading.  Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Counts I and II of the Amended Complaint is DENIED.

**DONE AND ORDERED** in chambers this 18th day of August, 2005.

_s/ Stephan P. Mickle_
Stephan P. Mickle
United States District Judge

1:05CV35-SPM